IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-2980-K (BF) |
| | § | |
| TIMOTHY PALMER, DEANNA PALMER, | § | |
| and LAND BOUNTIFUL MINISTRIES, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court has before it Defendants Timothy Palmer, Deanna Palmer, and Land Bountiful Ministries' Motion to Dismiss and Motion for Sanctions [D.E. 17]. The above-styled case, including this motion, was referred by the District Court to the United States Magistrate Judge for pretrial management through an order of reference. *See* Special Order 3-251.

**BACKGROUND**

Plaintiff United States of America (the "United States") filed a complaint against Defendants Timothy Palmer, Deanna Palmer (collectively, the "Palmers"), and Land Bountiful Ministries ("Land Bountiful" or collectively with the Palmers, the "Defendants") seeking to foreclose federal tax and judgement liens placed upon the Defendants real and personal property. Compl. [D.E. 1 at 1]. The United States seeks to foreclose these liens in an effort to satisfy unpaid federal taxes, penalties, and interest assessed against the Palmers. *Id.* [D.E. 1 at 1]. The United States alleges that Land Bountiful is a sham entity the Palmers created in an attempt to defeat the liens placed against real property located at 3639 FM 85, Ennis, Texas (the "FM 85 Property"). *Id.* [D.E. 1 at 2]. As relief, the United

1

States requests an order and decree stating that "Land Bountiful is a sham, nominee, alter ego, transferee, agent, and or holder of a beneficial interest of" the Palmers, and the FM 85 property is owned by the Palmers. *Id.* [D.E. 1 at 6].

The Palmers filed their motions to dismiss and for sanctions on numerous grounds. *See* Mot. Dism. [D.E. 17 at 2]. The dismissal grounds include: failure to state a claim upon which relief may be granted, the Court lacks subject matter jurisdiction, the Court lacks personal jurisdiction, the Court lacks in rem jurisdiction over the FM 85 property, insufficient process, and insufficient service of process. *Id.* [D.E. 17 at 2]. The grounds for the motion for sanctions are misrepresentation, fraud, falsification of federal records, and collecting, or attempting to collect, more or greater sums than are authorized by law. *Id.* [D.E. 17 at 2]. The United States responds that the Palmers motion to dismiss and motion for sanctions should both be denied because all necessary jurisdiction exists, none of the documents are improper or fraudulent, and service was completed as ordered by the Court. *See* Resp. [D.E. 18]. Based on the parties' briefing[1], the undersigned recommends as follows.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] According to the Local Civil Rules after a motion is filed, the opposing party has 21 days to file their response. Local Civil R. 7.1(e). Afterwards the moving party has 14 days to file their reply brief. Local Civil R. 7.1(f). Plaintiff United States of America timely filed its response on May 26, 2016. *See* Local Civil R. 7.1(e). Timothy Palmer, Deanna Palmer, and Land Bountiful Ministries were entitled to file a reply by June 9, 2016. *See* Local Civil R. 7.1(f). However, that deadline has come and gone, but no reply was filed by the Defendants. *See* Docket.

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## JURISDICTION
### Subject Matter Jurisdiction

An action can be filed in federal court if subject-matter jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Subject-matter jurisdiction exists if the action is based on a federal law question or where diversity of citizenship exists between the parties to the action. *Id.* Federal law question jurisdiction grants the district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue[.]" 28 U.S.C. § 1340. Furthermore, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]" 28 U.S.C. § 1345.

This action is brought by the United States and the pleadings relate to laws enacted by Congress regarding internal revenue. *See* Compl. [D.E. 1 at 1]. As such, the United States has met

3

is burden regarding subject matter jurisdiction. *See* 28 U.S.C. § 1331. Because subject matter jurisdiction has been pled, the undersigned recommends that the Defendants' motion to dismiss on this basis be **DENIED**.

### In Rem Jurisdiction

District courts are granted jurisdiction over "any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien under th[e] [Internal Revenue Code]." 26 U.S.C. § 7402(e). District courts also have jurisdiction over actions to enforce liens or to subject property to the payment of taxes. 26 U.S.C. § 7403.

In its complaint the United States asserts that "[t]his is an action by the United States to foreclose the federal tax and judgment liens upon certain real and personal property." Compl. [D.E. 1 at 1]. Because the United States has pleaded a cause of action that is permitted to be brought in federal court, it has met its burden to plead sufficient facts to establish in rem jurisdiction. *See* 26 U.S.C. §§ 7402(e), 7403. Therefore, the undersigned recommends that the District Court **DENY** Defendants' motion to dismiss on the basis of lack of in rem jurisdiction.

### Personal Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (citing FED. R. CIV. P 4(k)(1)(A)). "[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory." *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877). If a defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[,]" "[s]erving a

summons or filing a waiver of service establishes personal jurisdiction over [that] defendant[.]" FED. R. CIV. P. 4(k)(1)(A).

In the case at hand, the United States has provided records of summons being served upon the Palmers *See* Return of Service [D.E. 16]. Because the Palmers are subject to the jurisdiction of Texas courts, and the United States has served them with a summons, personal jurisdiction has been established. *See* FED. R. CIV. P. 4(k)(1)(A). As personal jurisdiction has been established over the Defendants, the undersigned recommends that their motion to dismiss on the grounds of lack of personal jurisdiction be **DENIED**.

## PROCESS AND PROCESS OF SERVICE

The Federal Rules of Civil Procedure (the "Federal Rules") control the length of time a plaintiff has to serve a defendant. *See* FED. R. CIV. P. 4(m). Specifically, "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The Federal Rules provide that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED R. CIV. P. 4(e)(1). Texas Civil Procedure allows service by "mailing the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX R. CIV. P. 106(a)(2).

Here, the United States did not initially serve the Defendants within the proscribed time period. *See* Order [D.E. 5]. The United States filed a motion showing good cause as to why an

5

extension should be granted. *See* Pl.'s Mot. [D.E. 6]. That motion was subsequently granted by the District Court. Order [D.E. 7]. A second order issued by the District Court extended the time the United States had to serve the Defendants to April 18, 2016. Order [D.E. 15]. The United States posted returns over service indicating that service was completed on April 16, 2016. *See* Return of Service [D.E. 16]. Because the United States met all of the requirements to properly serve the Defendants, the undersigned recommends that the Defendants' motion to dismiss on the basis of lack of process and service of process both be **DENIED**.

## STATUTE OF LIMITATIONS

Defendants' argue that the United States' cannot state a claim upon which relief can be granted because the statute of limitations has run on the assessments of federal taxes against the Palmers. Pls.' Mot. [D.E. 17 at 3]. Reviewing the complaint, the United States has plead that it brought suit against the Palmers for unpaid taxes in 2009. Compl. [D.E. 1 at 2]. That same year, the United States District Court for the Western District of Washington entered judgments in favor of the United States against the Palmers. *Id.* [D.E. 1 at 2]. The Internal Revenue Code states that the lien shall continue until the liability "is satisfied or becomes unenforceable by reason of lapse of time." I.R.C. § 6322. Because the United States has a judgment lien against the Palmers and their liability has not been satisfied, the judgement has not lapsed and the statute of limitations has not run. *See id.* The undersigned therefore recommends that the District Court **DENY** the Defendants' motion to dismiss because the statue of limitations has not run.

## SANCTIONS

The Defendants also move for sanctions against the United States for misrepresentation, fraud, falsification fo federal records, and collecting, or attempting to collect, more or greater sums

6

than are authorized by law. Defs.' Mot. [D.E. 17]. However, the Defendants do no include any affidavits, documents, or evidence to support their claims stated in their motion. *See id.* [D.E. 17]. As such, the undersigned does not have a basis to determine whether any conduct on the part of the United States merits sanctions. Therefore, it is recommended that the District Court **DENY** the Defendants' motion for sanctions.

## RECOMMENDATION

For the above-stated reasons, the undersigned recommends that the District Court **DENY** Defendants' Timothy Palmer, Deanna Palmer, and Land Bountiful Ministries Motion to Dismiss and Motion for Sanctions [D.E. 17] in its entirety.

SO RECOMMENDED, this 21st day of June, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).