UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>TIMOTHY PALMER, et al.,<br>　　Defendants. | § § § § § § | No. 3:15-CV-02980-K (BF) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court referred this case to the United States Magistrate Judge for pretrial management. *See* Special Order 3-251. Before the Court is Defendants' Supplemental Motion to Dismiss [ECF No. 31]. For the following reasons, the undersigned respectfully recommends that the district court **DENY** Defendants' motion.

### Background

The United States of America ("United States") seeks to foreclose on federal tax and judgment liens upon certain real and personal property of Timothy Palmer and Deanna Palmer ("Defendants"). Compl. 1 ¶ 1, ECF No. 1. On June 21, 2016, this Court recommended that the district court deny Defendants first Motion to Dismiss [ECF No. 17]. R. & R. 7, ECF No. 22. On July 13, 2016, the district court adopted the Findings, Conclusions, and Recommendation of this Court. Order 1, ECF No. 24. On November 30, 2016, Defendants filed their second motion to dismiss requesting the Court to dismiss the United States' complaint for improper joinder. Defs.' Mot. 1-2, ECF No. 31. Defendants also again argue that the Court should dismiss the United States' complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Id.* at 4; FED. R. CIV. P. 12(b)(6). Defendants further contend that the United States is withholding Rule 26 disclosures. Defs.' Mot. 4-5, ECF No. 31; FED. R. CIV. P. 26.

1

The United States filed its response to Defendants' motion on December 19, 2016. *See* Docket; Pl.'s Resp., ECF No. 32. "A party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed." LOC. CIV. R. 7.1(f). This would place the due date for Defendants' reply on January 2, 2017. Defendants failed to file a reply. *See* Docket. Therefore, the Court considers Defendants' motion without the benefit of a reply.

### Legal Standard

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### Analysis

Defendants argue that this Court does not have jurisdiction under 28 U.S.C. § 1359 because they are improperly joined parties. Defs.' Mot. 1-2, ECF No. 31. 28 U.S.C. § 1359 provides "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been *improperly* or *collusively* made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359 (emphasis added). A party may not be "improperly or collusively" joined

solely to establish or defeat federal jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc) (citing 28 U.S.C. § 1359). Defendants may show improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (citation omitted). This Court has established that it has subject matter jurisdiction and personal jurisdiction over this case. R. & R. 3-4, ECF No. 22; 28 U.S.C. § 1345. There is no evidence before the Court that the United States fraudulently joined Defendants in this suit. Defendants' conclusory allegations do not support dismissal. *See* Defs.' Mot. 1-2, ECF No. 31. The United States brings this suit to enforce federal tax liens against Defendants for their failure to pay income taxes. Compl. 2, ECF No. 1. Further, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant . . . ." *Smallwood*, 385 F.3d at 573. The Court has established that the United States' complaint states a plausible claim for relief. *See* R. & R. 6, ECF No. 22; Compl. 2, ECF No. 1; *see also Smallwood*, 385 F.3d at 573 ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.").[1] Defendants have failed to show that there is no possibility for recovery or actual fraud in the pleading of jurisdictional facts. Accordingly, the district court should deny Defendants' Motion to Dismiss.

Additionally, to the extent Defendants' motion argues that they have not received the United States' proper initial disclosures under Rule 26, a motion to dismiss is not the proper vehicle in which to seek this relief. Pl.'s Resp. 3, ECF No. 32.

## RECOMMENDATION

---

[1] *See also* FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Based on the foregoing, the undersigned respectfully recommends that the district court **DENY** Defendants' Supplemental Motion to Dismiss [ECF No. 31] in its entirety.

**SO RECOMMENDED**, this 30 day of March, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).